Filed 4/22/14  P. v. Butler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# **COPY**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br> v.<br><br>TIRELL BUTLER,<br><br>  Defendant and Appellant. | C072594<br><br>(Super. Ct. No. SF113454A) |

A jury convicted defendant Tirell Butler of transportation of cocaine (count two), transportation of cocaine base (count four), and transportation of ecstasy (count five).  The trial court declared a mistrial on three other counts and they were ultimately dismissed.  The court found defendant had two prior strike convictions, had served two prior prison terms, and had a 2001 prior conviction for cocaine base for sale.  Pursuant to Proposition 36, the Three Strikes Reform Act of 2012, the court sentenced defendant to

1

13 years on count two and imposed sentences on counts four and five, but stayed them pursuant to Penal Code section 654.

On appeal, defendant contends the trial court prejudicially erred in instructing the jury on moral turpitude, on consciousness of guilt, and in refusing to give his proffered pinpoint instruction on third party culpability. Finding no merit to any of the contentions, we affirm the judgment.

FACTS AND PROCEEDINGS

Around 10:00 or 11:00 p.m., on November 21, 2009, Stockton Police Officers Carlos Vina and Mitch Tiner were on patrol looking for Syldarius Grant (Syldarius), a parolee at large, when they stopped a car Syldarius was known to drive. As Officer Vina approached the car, the driver yelled, "I'm not the person you're looking for." The driver was defendant, who is Syldarius's cousin, and he admitted he was on parole. A search of a leather jacket defendant was wearing disclosed packets of cocaine, cocaine base, and ecstasy. Expert testimony established the drugs were possessed with intent to distribute.

Defendant testified that about 8:00 p.m. on the evening in question, he had driven his van from a hospital where his wife had surgery to the home of his uncle, Sylvester Grant (Sylvester), to check on him because he had cancer. Upon arriving at Sylvester's home, defendant locked the keys inside the van. Sylvester gave defendant permission to borrow his car and defendant got the keys from Syldarius, who also used the car.

Inside the car was a leather jacket which defendant put on because it was cold and the car had no heat. Defendant picked up a friend of his sister's and drove her to his sister's home in Manteca. When defendant got back to Stockton, he was stopped by Officers Vina and Tiner. Officer Vina found drugs in the leather jacket, and defendant told Officer Tiner they were not his. Defendant knew that Syldarius was wanted and that he was a gang member who sold drugs. Although defendant knew the jacket belonged to

2

Syldarius, he had no idea there were drugs inside it. Defendant admitted being convicted of two robberies in 1993 and a felony in 2001 which involved moral turpitude.

In rebuttal, Officer Vina testified that when he confronted defendant with the drugs, defendant admitted they were his, but only were possessed for personal use.

DISCUSSION

I

*Instructions Regarding Moral Turpitude*

Defendant contends the trial court made two instructional errors regarding his prior felony conviction in 2001. First, by leaving the jury to decide whether his prior 2001 conviction involved moral turpitude; and second, by instructing the jury that "a crime of moral turpitude is one that bears a rational relationship to a witness's readiness to lie." We reject both claims.

Prior to trial, defendant moved to prohibit the prosecution from using any of his prior convictions for impeachment. The court denied the motion, but agreed with defendant's request to sanitize the 2001 prior as a "felony crime of moral turpitude." During defendant's testimony, he admitted that his 2001 felony conviction was for a crime involving moral turpitude.

The court instructed the jury, per CALCRIM No. 316, as follows: "If you find that a witness has been convicted of a felony, you may consider that fact only in evaluating the credibility of the witness' testimony. [¶] The fact of a conviction does not necessarily destroy or impair a witness' credibility. It is up to you to decide the weight of that fact and whether that fact makes the witness less believable." In a separate instruction, given immediately after the giving of CALCRIM No. 316, the court defined moral turpitude "as a readiness or willingness to do evil."

Defendant argues that CALCRIM No. 316, as given, permitted the jury to determine whether his prior conviction in 2001 involved moral turpitude. Defendant

3

misunderstands the instruction. It is true that the determination of whether a criminal offense involves moral turpitude is a question of law for the court, not the jury. (*People v. Gray* (2007) 158 Cal.App.4th 635, 640.) However, it is likewise true that there is nothing in CALCRIM No. 316 which permits the jury to determine whether defendant's 2001 conviction involved moral turpitude. Indeed, the only determination the instruction permits the jury to make is to find whether defendant has "been convicted of a felony," and if so, how to use that evidence. The instruction defining moral turpitude was given, without objection by defendant, in anticipation that the jury would ask for such an instruction. Hence, the instructional error perceived by defendant is nonexistent.

Additionally, we note that even if the instruction could be read to permit the jury to determine whether defendant's prior conviction involved moral turpitude, the error would have been to defendant's benefit because such a reading would afford the jury the opportunity to find that the prior did not involve moral turpitude, which, in the eyes of the jury, would have rendered the prior less suitable for showing a readiness to do evil. Defendant can have no reasonable complaint about an asserted error which was to his benefit.

During deliberations, the jury asked for a further definition of "moral turpitude." The court responded, "A crime of moral turpitude is one which bears a rational relationship to a witness' readiness to lie." Defendant argues the court's response was "incorrect" because it "limit[ed] moral turpitude to crimes which bear a rational relationship to a witness's readiness to lie." The instruction is and was correct. As the California Supreme Court has noted, "[T]he law provides that any criminal act or other misconduct involving moral turpitude suggests a willingness to lie . . . ." (*People v. Contreras* (2013) 58 Cal.4th 123, 157, fn. 24.) "Possession of drugs for sale, which involves the intent to corrupt others, is conduct involving moral turpitude." (*People v. Harris* (2005) 37 Cal.4th 310, 337.) Accordingly, the court's response was correct.

4

## II

### *CALCRIM No. 362*

Defendant contends the trial court's instructing the jury per CALCRIM No. 362 "violated [his] constitutional rights to due process by improperly singling out his [trial] testimony for special scrutiny and denying him a meaningful opportunity to present a defense." We reject the contention.

Defendant faults the trial court for giving the following version of CALCRIM No. 362: "If the defendant made a false or misleading statement relating to the charged crime, knowing the statement was false or intending to mislead, that conduct may show that he was aware of his guilt of the crime and you may consider it in determining his guilt." According to defendant, the problem with this instruction is that it has "potential scope for application" to his trial testimony.

We disagree. The version of CALCRIM No. 362 given by the trial court said: "If the defendant made a false or misleading statement *before this trial* relating to the charged crime, knowing the statement was false or intending to mislead, that conduct may show he was aware of his guilt of the crime and you may consider it in determining his guilt." (Italics added.) Accordingly, the instruction given precluded its application by the jury to defendant's trial testimony.

## III

### *Proposed Instruction on Third Party Culpability*

Defendant contends the trial court "violated [his] right to due process and a jury trial when it refused to instruct the jury with a requested pinpoint instruction on third party culpability." We disagree, concluding that defendant has forfeited the issue by failing to establish that the court refused to give the proposed instruction, and, even if the court rejected the instruction, defendant suffered no harm.

5

Defendant's defense was that the jacket he was wearing in which the drugs were found belonged to Syldarius, and that defendant was unaware of their presence. Accordingly, the court instructed the jury as follows: "Evidence has been offered that a third party is the perpetrator of the charged offense. It is not required that the defendant prove this fact beyond a reasonable doubt. In order to be entitled to a verdict of acquittal, it is only required that such evidence raise a reasonable doubt in your minds of the defendant's guilt."

Defendant composed the following instruction, which he characterizes as a pinpoint instruction that was not given: "You have heard evidence that Syldarius Grant committed the offenses with which the defendant is charged. The defendant is not required to prove Syldarius Grant's guilt. It is the prosecution that has the burden of proving the defendant guilty beyond a reasonable doubt. Therefore, the defendant is entitled to an [*sic*] verdict of not guilty if you have a reasonable doubt as to the defendant's guilt. Evidence that another person committed the charged offenses may by itself leave you with a reasonable doubt. [¶] If after considering all of the evidence, including any evidence that another person committed the offense, you have a reasonable doubt that the defendant committed the offense you must find the defendant not guilty."

As defendant points out, there is no discussion in the reporter's transcript regarding the third party culpability instruction. Defendant's proposed instruction is found in the clerk's transcript under a section labeled "Instructions Not Given." Nothing in the record shows why the instruction was not given -- the court could have refused to give the instruction or defendant could have withdrawn the instruction after further consideration.

On appeal, " ' "[w]e must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error -- it will not be presumed. [Citation.]" [Citations.]' [Citation.]" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) Defendant has not met his burden of establishing that the

6

court refused to give the instruction rather than the instruction having been withdrawn for some other reason. Accordingly, the issue is forfeited for appeal.

Even if considered on the merits, defendant's argument would fare no better. Defendant's complaint with the instruction given was that it did not name Syldarius as the third party. Although the instruction did not specifically name Syldarius, defendant testified the jacket belonged to Syldarius, and during argument, counsel expressly identified Syldarius as the "third party" referred to in the instruction on third party culpability. It is simply inconceivable that the jury did not relate the third party in the instruction to Syldarius; hence defendant suffered no harm.

DISPOSITION

The judgment is affirmed.


        HULL        , J.


We concur:


      BLEASE     , Acting P. J.


      DUARTE     , J.